Good morning, Your Honors. My name is James Dodd-Bennett. I'm here for Petitioner Kwan Chua Lee, and I'd like to reserve five minutes, if I may, for rebuttal. Essentially, this case has three levels in Mr. Lee's odyssey through the immigration system, particularly the Executive Office of Immigration Review. First issue and fundamental issue is whether or not he was ever served with his notice to appear. Help me with something on that. I'm sorry? Help me with something about that. Yes, sir. I can't see why it would matter, even if he's believed that all the attempts at service failed and he never got a copy of the notice to appear in the mail. Once he's in court and the judge hands it to him, why doesn't that eliminate any due process objection that might arise from not knowing what he's there for? Well, the issue of the service, as far as a due process claim goes, I think we've got a case that's, if not on point, at least described he's got to show prejudice under Coley, and that's cited by the Respondent. In this case, because there is a controlling regulation, and this is a bureaucratic structure we're dealing with, not an Article III court, he's got to comply with the regulations and his statute that tells him what he can and cannot do, the immigration judge. So the issue then becomes one of ultra-virus, and if it's an ultra-virus act by the immigration judge, it doesn't have to show prejudice. And in this case the problem isn't that he didn't have notice. The problem is an immigration judge isn't allowed to hand him a copy of the notice to appear. Exactly. So what do we do with his statement that he'd read the notice to appear? He sees his statement. He said, I wasn't served with it, but I read it, which indicates that somebody gave it to him. I think the language that he used was, I saw it, if I'm not mistaken. Whether he actually read it or not, it's not clear. Okay. So he saw it. Right. That's a lot different from saying, I don't know what you're talking about. I never was served with it. This is true. But the problem in this case is, if he saw it, he didn't get it. I mean, it seems he's got to be served with it before they can initiate the proceeding or on the day of the initiation of the proceeding, and neither event occurred. So in this case, if he saw it and he hasn't been served and his testimony is accepted and is true because it is he's been found credible by both the immigration judge, well, by omission by the immigration judge and specifically by the BIA and its footnote too and its opinion, then he hasn't been served. There's no he's met his burden as to saying, look, I never got served with this document. So that's assuming, that's assuming that the immigration judge cannot serve him the notice to appear at the time of the proceeding. Exactly. You know, I still don't get it. Very often in court, one of the lawyers says, Your Honor, I'd like to give the court a copy of this. And the judge says, give a copy to your opposing counsel. And the lawyer gives a copy to opposing counsel and gives a copy to the clerk for the court. If I understand your argument, it is, well, that's okay because opposing counsel did it. But if the judge says, give it to me, and then the judge says to opposing counsel, I've got all the copies. Let me give you yours. And he hands the duplicate to opposing counsel, that's wrong. I don't understand why. Well, the difference would be this. The trial attorney would be authorized to serve the document. I think under the regulations, it's pretty clear. I think that's 239.1, if I'm not mistaken, for the DHS, Department of Homeland Security regulations. So that's under the administrative structure. Yeah, that would be service. And that happens all the time in immigration court. You get new charges, I-261, you can serve it in open court. Everybody acknowledges service. There you have. But in this case, what we have is the government's representative at the time, the trial attorney, does nothing. She simply makes a copy, or she doesn't make a copy. She gives it to the judge. The judge goes off and makes a copy and serves it. The government, by the way, did try to serve it before. They sent one page, one page of the document to the, his then attorney. Let's stipulate for purposes of argument. I don't know what the truth is, of course. Let's stipulate for purposes of argument that the government just didn't bother doing its duty of serving the notice to appear on the defendant. If I understand your argument, no prejudice is required. That is kind of like structural error in a criminal case where you don't have to show prejudice because it violates the regulations for the defendant to get the notice to appear from any other hands. He's home free. Have I got your argument right? That's it. And I think that's a fair assumation. I mean, this is a regulatory system. Why would that make any sense? I mean, yeah, it's a regulatory system, but usually we look for things to make some sense. We look for some harm that could flow. The obvious harm that could flow in this case is he gets his notice to appear when he's already in the hearing and he has no time to deal with what it says. And the obvious remedy is, Your Honor, I just got this. I've never had it before because the government didn't bother doing what it was supposed to. I need a continuance. And then the judge ordinarily would have to grant a continuance. But this case never got to that. No request for continuance. Why else could it matter? It gets rolled over, but there's multiple rollovers in this case, continuances. True. I guess you're conceding there's no prejudice here and you're just arguing no prejudice is needed. That's correct. Counsel, may I ask you, are you familiar with 8 CFR section 1003.32? Thirty-two. Not off the top of my head. Okay. It appears to say that certification showing service on the opposing party or parties on a date certain shall accompany any filing with the immigration judge unless service is made on the record during the hearing. That seems to contemplate that service can be made at the time of the hearing to satisfy the notice requirement. If that's – if you take my word that that's what the regulation says, what's your response? There's a difference between the document being served – a document, rather, being served in court, which is fine, to the notice to appear. This is the first charging document. It's got different requirements. Somebody, an authorized officer, has to issue it. Now, there's no statement in the regulations that I'm aware of that says specifically who has to serve it, but it does have to be a service – a designated service officer. Once that's issued, it's got to be served before the immigration judge can even proceed with it. But that's what this – if it's served at the time of the hearing, it seems to – this regulation seems to contemplate that it can be served immediately preceding the hearing beginning. If that regulation says that, doesn't that then negate your arguments? No. I think the difference here is there's been two hearings. He's had an initial master. There's a question about service. And then it's continued over, and there's an attempt by the – I guess it's the district counsel's office to serve it on an attorney by mail, which is allowed under the statute, but they don't serve a complete document. But if the immigration judge says, okay, you say you haven't been served with the notice to appear. Here it is. You have time to read it. Let's go. What's wrong with that under this regulation? Well, pragmatically, there's nothing wrong with that. But this is – the problem is, is this is to establish jurisdiction. He doesn't even have jurisdiction at this point. He's not authorized to serve the document. He can't cure his own error. If the immigration judge is authorized to serve the document under the regulation I just read to you, then does your argument regarding jurisdiction go away, lack of jurisdiction go away? All right. The way that would happen, the only way I could conceive of that happening would be if the immigration judge, before the proceeding even commences, gets up, makes a copy and serves it, even though he's not the Department of Homeland Security, he's part of this gradual divorce of the Department of Homeland Security from the Executive Office of Immigration Review under the Homeland Security Act. They're two different people. He's not a prosecutor. It would be like a district court judge getting up and saying, okay, there's a problem with this complaint in this case. I'm going to serve you right now, and gets off his bench and walks over and serves  I don't think anybody would consider that to be service. It wouldn't be good if the judge made up the criminal complaint. But I think it would be fine if the prosecutor had given the judge both his copies, his court copy and his service copy, and then the judge told the clerk to give the service copy to defense counsel. Being unfamiliar with criminal procedure, I don't know. Let me ask you about your jurisdiction argument. It says here at 8 CFR 1003.14a that it says jurisdiction vests when a charging document is filed with the immigration court by the service. Now, that runs jurisdiction from the time of filing, not from the time of service. I guess your argument means there's no jurisdiction until service has been or unless the filing is by the service. Is that right? That is correct. But the service here did file, didn't they? Even if they didn't serve properly, didn't the service file the charging document with the immigration court? In my – if I reserve my time, I'll take a look at that statute. I believe the statute requires that it not only be – I'm looking at the reg. Right. I think the statute requires that it be served as well, but I'll check. It does require – For jurisdiction to attach? I'm sorry? For jurisdiction to attach in the immigration court? Jurisdiction attaches when a served notice to appear is filed with the immigration court. No, I think – I don't think that's what the reg. says. I think it says jurisdiction vests when the notice to appear is filed with the immigration court by the service, and then in a subsequent subsection it says the service is supposed to serve a copy of the notice to appear on the – on the – I can't remember what they call them. The respondent at that point. The respondent. It's just exactly parallel to most court documents. For example, you file a complaint, and within the statute of limitations, you serve it. And in most States, even if you serve it a few days later and the statute's run, you're home free, you're fine, because the jurisdiction of the court vested when you filed the complaint. It looks like it's the same structure. You're supposed to serve it. I'd like to look at that statute. Okay. I think there is a statute on it, if I'm not mistaken. You're down to about three minutes. What other points do you want to emphasize here? Just real briefly, Your Honor, just to summarize within my allotted time, which is dwindling rapidly, just to summarize, we've got – there's a problem here with the sustained charge. He's been ordered removed without any sustained – with any particular charge specified. I don't want to – given the time limitations, I don't really – I think I could just rely on the argument made in the brief. Second issue – Well, but wasn't he charged with – wasn't he charged with being removable because his conditional status had been terminated? That's correct. And there was an admission on the record. And that should have been the order. The order was not. The oral decision of the immigration judge looks like a typographical error. He charges him under C, not subsection D. And secondly, he sustained – he has two charges at the beginning of his order, the domestic violence charge, and then he has the overstay a visa charge. With different language, it doesn't parallel the statute. It looks like he's trying to parallel the D. Well, the I.J. – we're reviewing the BIA decision. I understand. But I want the – that was the issue that came up to the BIA. It doesn't matter what the I.J. did. The removability decision was made by the BIA. So long as the BIA had the correct removability charge, it doesn't matter what the I.J. did. Right. They find it to be a harmless error, the fact that there is no entry of a charge of removability. The problem here is, is if he's deported and he doesn't have a clear order, if he tries to re-immigrate, he's got different issues he has to deal with. But the order is from the BIA, not from the I.J. No, I understand that. Okay. But the BIA is saying it doesn't matter. We think it was a D. He agreed – he pled to it in a hearing way back when at the beginning of this case, and the judge doesn't need to tell you that you're being deported for that, and he doesn't need to. Because we'll tell you. The BIA is saying, we'll tell you what you're being deported for, and here is what it is. The problem is, is in the administrative agency when he's trying to re-immigrate, here's where the problem comes in, is that he's prejudiced in the sense that he may not – he may be looking at a record with the wrong charge. As long as he doesn't look at the I.J. record and looks at the BIA record, it's clear. Well, that's the argument I'm making why it's not a harmless error. Okay. All right. Do you want to reserve? Sixteen seconds. May it please the Court, Christina Periscindola for the Attorney General. It is clear from the record that Mr. Lee had actual notice of his removal proceedings and of the charges of removability against him. He showed up in the immigration court at the appointed time, the appointed date. I think there was an issue that Judge Rawlinson was alluding to, whether his counsel had notice of the charge of removability against him. And we admit that at this point the Department of Homeland Security amended that notice to appear three times. It was a little messy. Yes. Thank you. We'll concede that. But each time that happened, the immigration judge, seemingly aware that he was putting Mr. Lee's counsel on the spot, offered the opportunity for a continuance and granted it so that Mr. Lee's counsel, he had three different attorneys throughout his proceedings, could gather whatever evidence was necessary. We seem to have kind of a run of cases where the government doesn't proofread and doesn't debug and check its work before proceeding. It seems to be a lot of our morning today. What's the matter? I guess on behalf of the government, I have to apologize. Just reading between the lines on the record of this case, I guess I'm going to speculate and say that perhaps DHS counsel was not able to get the conviction documents, and I think the proceedings have been going on for so long. And in addition to that, it was very clear that Mr. Lee was removable on the ground that his conditional residence had terminated. And, you know, I think the immigration judge said we'll go with that. But I don't know. And, yes, I guess a lot of proofreading. In a number of cases, the government's bacon so often, it may be that they lose the incentive to try to get the paperwork right. I will take that message back with me. So do you agree that the notice to appear was not served on the Petitioner until it was served at the immigration court by the immigration judge? Do you agree with that? No, Your Honor, I don't agree with that. I don't think that was a finding here. The immigration judge and board found that Mr. Lee didn't present any evidence that the signature on the certificate of service was not his. He just said, oh, I've never saw that before, and I don't think that's my signature. But it clearly was personally served on him. He was in detention. So he said that's not my signature and denied receiving it. He was in jail. So it wouldn't have been served on him by handing it to him. It would have been served on him by handing it to somebody behind a desk at the jail, I suppose, right? Your Honor, I'm not sure. How do they do service in a jail? I've never had to serve anyone who was in jail. I would presume that, well, in this case, the DHS, an officer, signed it and said I personally served it on Mr. Lee. So I don't know how else it would be. So the guy at the desk at the front of the jail says bring Lee to counsel room, and they bring Lee, and then the process server gives him the paper? That sounds plausible.  I don't know. It wasn't fleshed out, really, was it? It was not. And I don't think ñ I've never seen a case where it actually was, where they described the process by which that happens, just that it was personally served on Mr. Lee. But he says that's not my signature. So does that raise a little bit of a question in terms of whether or not there was personal service? You know, it raises an issue, but it's immaterial because Mr. Lee has not shown any prejudice. He hasn't shown that he missed an appearance in immigration court. There's no indication. The argument of your opposing counsel is he doesn't have to because it's not a due process argument. Even if there was no prejudice whatsoever, the judge didn't have authority to hand him the notice to appear, so handing him the notice to appear from the bench was a nullity. What's your response? Your Honor, that is Petitioner's argument. The ñ the ñ What's your response? Our response is that, as Judge Rollinson pointed out, that the regulations were followed. What regulation? What words? I'm sorry? What regulation? What words? It was 8 CFR 1003.32, which states that the immigration judge may at the beginning of the proceedings serve the notice to appear. It was 30.32 or 34. To the extent that Mr. Lee seeks review of the discretionary denials of the waivers that he sought, we respectfully submit that the court does not have jurisdiction under the Immigration and Nationality Act. This is unequivocal under the statute 8 U.S.C. 1252a2b2 and this Court's precedent in Singh v. Holder. In your mind, is there any confusion in the record regarding the actual charge of removability that was sustained by the agency? Your Honor, now that you bring it up, in Mr. Lee's proceedings before the Immigration Court, it was clear at one of his proceedings the immigration judge, first of all, his attorney conceded removability under the termination of conditional residence charge, and it was not articulated in the immigration judge's decision. Now, today, I was looking at the Board's decision, and there is a typographical error. The Board's decision on the first page states that Mr. Lee was removable under the criminal ground and that the other ground, the termination of his conditional permanent residence, was lodged. And that is incorrect. And we can – I will take that back to the Board to amend that. But I would consider that a typographical error. I looked at 1003.32, and I don't see what you're referring to. I see subsection A says, All documents filed with the IJ shall be simultaneously served by the presenting party. And I see it saying, A certification showing service shall accompany any filing. I don't see where it says what you paraphrased it as saying. I think it's the last sentence. It says, Any documents or applications not containing such certification will not be considered by the immigration judge unless service is made on the record during a hearing. That's what I was referring to, the last sentence of 1032.32a. Thanks. We've got a number of errors in the case. I assume the government would not oppose a remand for correction of those errors. Your Honor, no, we would, I guess, not oppose that. But to me, these seem like very minor typographical errors. Right. Well, how is the Board going to do that, Sue Spaulding? I'm not sure, but I will, I can check and ask. Yes, I mean, the Board does have the authority to do that, Sue Spaulding. Are you saying you do object to a remand to correct your own errors? I'm not objecting to a remand. I think that's probably excessive. Why? Why? Should we, do we do your proofreading for you and we're supposed to get it right and then the guy, if he wants to come into the U.S. again, he's supposed to show him our decision that has the nits listed? Your Honor, yes. That would, I mean, I can today tell you I will go back to the Board and ask them to correct it, Sue Spaulding. So its decision, the Board's decision has errors that go to substance, although  Is that what you're saying? Yes. But, yes, remand would be the, if the Court chooses, that would be the remedy. Do we have a, I mean, do you think we have a choice about whether or not we allow this to stand as the official legally sanctioned removability decision? Your Honor, I think if the Court, you know, wants to do it right and to send a message to the Board and to DHS, then a remand would be appropriate. But if the Court wants to do it wrong, we should just leave it alone. I guess I don't understand what you're saying. Because you're saying, well, I'm going to go back and ask them. And they say no. Where does that leave us? If they say no, then, yes. There's no remedy. Okay. The Petitioner has no remedy to correct those errors. Go ahead. Sorry, go ahead. I kind of question whether the Board, Sue Spaulding, can go back without notice and full proceedings to correct clerical errors after judgment has been entered. The Board does have the authority to do that. That I know. It's under 8 CFR 1003.2 at any time. After judgment's entered, without notice to the Petitioner, so the Petitioner's official record will be changed without any notice? It doesn't say with or without notice. We presume that the Board would provide notice to the parties. But it may, Sue Spaulding, reopen at any time. Likewise, if this Court issues a final order, an alien who's been ordered removed may go back to the Board and move to reopen. Are we going to have to do the sort of law clerk mitts for the Board in order to get it to do it right, or can we just say that the Board concedes on the petition that there are typographical errors, we remand for correction of any typographical errors in the decision and let them do their own nitpicking? Your Honor, I think that would be the perfect solution here. I think the Board would rather us send it back for them to correct the errors than for us to give our perception of what the errors are. It may look like a very different document if we do it. So I would suspect that the Board would want us to send it back rather than us trying to guess what was in the Board's mind and perhaps guessing wrong. So I guess you're saying to remand it on an open record would be preferable. No. Just remand to correct the errors and have it say exactly what the Board intended for it to say. Yes, that we would concede that. That would be the solution here. Okay. Anything further? No. Thank you. We'll give you two minutes for rebuttal. Thank you, Your Honor. It's in my 15 seconds. The regulation to harmonize 1003.14 and 1003, I think the way we need to read that, 100, the 14, .14 applies to documents, whereas 1003.3 does specifically A, I'm sorry, it's subsection A of that section, specifically says jurisdiction invests when the document's filed with a proof of service. So that regulation does require the notice to appear, the charging document, the initial charging document, B, sir, before. No, not exactly. It requires that it be filed with a proof of service, but the proof of service can be false or mistaken. Under 1003.14. Suppose it's filed with a proof of service, but the proof of service has an error. I guess the traditional error in service used to be it was you're suing John Doe and you serve it on John Doe's secretary, and she's not one of the people specified in Rule 4 that can receive service. And that's your typical, as I recall, failed service. But the proof of service is filed. The process server files an affidavit with a proof of service, and it says I served John Doe by handing a copy to his secretary. Yeah, I'm sorry. I misfocused this regulation I was referring to. It's 1003.14a. And in that one, it says, Jurisdiction invests in proceedings before an immigration commence when the charging document is filed, yada, yada, yada. Then it drops down, however, the charging next sentence. The charging document must include a certificate showing service on the opposing party pursuant to, which indicates the immigration court, and on and on and on. And that's the 1003.32 that I was referring to, which the last sentence says that the – it can be served at the hearing. True. But I think in order to harmonize this, which requires proof of service, with that section, you have to read this charging document as not being a quote document that they're describing in that regulation. Help me with something on the remand. If we remand so that the BIA can correct its errors, are any of them going to go to substance so we should wait to decide on substance until the case comes back, or are they just going to go to form so that we should go ahead and decide on the substantive issues now? There are some serious substantive issues in this case. I'm not asking you whether you think the substantive issues are serious. What I'm asking you about is if we remand, what the form of the remand order should be, whether it should also reach the substantive issues, or whether the corrections of typographical errors may change them. The way I look at this case, we've got two unadjudicated waivers that were never adjudicated, the board can't adjudicate them in the first instance, so their blanket adjudication doesn't help us. But we don't have jurisdiction over the waiver issues. We absolutely don't have jurisdiction to address how or why the waivers were granted or denied. How do we get to that? I think there's an exception under Sing, under the subsection A, for starters. The subsection A basically says you look at the measure as extreme hardship. That's the standard. And the statute specifically says that's the period of the conditional residency. So you've got a conditional residency period, which ends in 1994 if you follow the statute as the end date for the failure to file a petition. That's the period that should have been considered by the board. Instead, the board just goes on and on about its criminal history and things that all these things that happened after 1994. I think the problem with A is it's not just pure discretion. It has its – well, under Sing, it's something that the court can consider because it has jurisdiction over that issue because it's not pure statutory discretion. And I think that essentially holds true for the other two waivers. B, which was never adjudicated, that's an ultra – that's like an occurred error, a failure to adjudicate. And the same goes for the H. There's a failure to adjudicate because the board cannot, under its own regulations, adjudicate waivers. They can't adjudicate facts. They can only adjudicate issues of law. And on de novo review, then they can review the facts and findings of facts. But they can't sit there and adjudicate applications. Okay. Thank you, Your Honors. Thank you very much for both your arguments. The case is here to be submitted for decision. And we'll be in recess for the morning.
judges: Kleinfeld, Thomas, Rawlinson